**AMANA SOCIETY, Plaintiff,**

v.

**GEMEINDE BRAU, INC., et al., Defendants.**

**AMANA REFRIGERATION, INC., Plaintiff,**

v.

**GEMEINDE BRAU, INC., et al., Defendants.**

Nos. 75–63, 75–66.

United States District Court, N. D. Iowa, Cedar Rapids Division.

July 13, 1976.

Haven E. Simmons, James W. Hall, James C. Nemmers, Cedar Rapids, Iowa, for plaintiff in No. 75–63.

James C. Nemmers, John R. Carpenter, Cedar Rapids, Iowa, for plaintiff in No. 75–66.

Warren H. Kintzinger, Richardson, Tex., for defendants.

ORDER

McMANUS, Chief Judge.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

This consolidated action for trademark infringement was tried to the Court.

## FINDINGS OF FACT

1. Plaintiff Amana Society, Amana, Iowa, is the owner of the trademark AMANA.[1]

2. Plaintiff Amana Refrigeration, Inc., Amana, Iowa, is the owner of the trademark AMANA.[2]

3. Defendants Paul and Emma Zimmerman are the sole officers of Defendant Gemeinde Brau, Inc., Amana, Iowa. Defendant Cold Spring Brewing Co., Cold Spring, Minnesota, brewed AMANA BEER.

4. Plaintiff Amana Society has used the mark AMANA in connection with its products since 1932. Plaintiff Amana Refrigeration, Inc. has used the mark AMANA in connection with its products since acquiring the assets of the Refrigeration Division of Amana Society in 1950. AMANA has become recognized throughout the United States as identifying and distinguishing plaintiffs' products.

5. Notwithstanding plaintiffs' well known and prior established rights in the trademark AMANA, defendants began commercial distribution of a beverage labeled AMANA BEER in December 1976 to retail outlets in the Amana and Cedar Rapids, Iowa area, without plaintiffs' consent.

6. The sale of AMANA BEER is likely to cause the purchasing public to believe AMANA BEER is sold, sponsored by, or otherwise connected with plaintiffs.[3]

7. Defendant Paul Zimmerman was aware of plaintiffs' trademark registrations and was refused Amana Society permission in 1972 to use the name AMANA in connection with his beer business.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of the parties and the subject matter. 28 U.S.C. § 1338; 15 U.S.C. § 1121.

2. Each plaintiff has proven by a preponderance of the evidence that its distinctive mark AMANA has acquired a secondary meaning. *Flavor Corp. of America v. Kemin Industries, Inc.*, 493 F.2d 275 (8th Cir. 1974).

■ 3. Each plaintiff has proven by a preponderance of the evidence that defendants' use of the registered mark AMANA in commerce, without consent, is likely to cause confusion to an ordinarily prudent purchaser and thereby infringes each plaintiffs' trademark. 15 U.S.C. § 1114(1); *David Sherman Corp. v. Heublein Co.*, 340 F.2d 377 (8th Cir. 1965); *Electronic Com'ns, Inc. v. Electronic Components For Ind. Co.*, 443 F.2d 487 (8th Cir. 1971), cert. den. 404 U.S. 833, 92 S.Ct. 80, 30 L.Ed.2d 63 (1971); *HMH Publishing Co. Inc. v. Brincat*, 504 F.2d 713 (9th Cir. 1974).

4. Plaintiffs have proven by a preponderance of the evidence that defendants should be permanently enjoined. 15 U.S.C. § 1116.

5. Plaintiffs are entitled to have defendants' AMANA BEER cans delivered to plaintiffs for destruction. 15 U.S.C. § 1118.

6. Plaintiffs are entitled to defendants' profits from the sale of AMANA BEER and the costs of this action. 15 U.S.C. § 1117.

■ 7. Plaintiff Amana Society is entitled to reasonable attorneys' fees due to

---

1. The Amana Society's August 13, 1963 U.S. Patent Office registrations for the trademark AMANA are as follows:

    No. 754,769 "For: bread, buns, cakes, rolls, hams, bacon, sausage." No. 754,718 "For: woolen blankets, woolen robes, woolen flannels, woolen suitings, woolen shirtings." No. 754,619 "For: walnut and cherry furniture for residential and business use."

2. Amana Refrigeration, Inc.'s U.S. Patent Office registrations for the trademark AMANA are as follows: No. 889,068, registered April 7, 1970, "For: cooking ovens and furnaces." No. 715,075, registered May 9, 1961, "For: dehumi-

difiers and central air conditioning apparatus and parts thereof." No. 587,025, registered March 16, 1954, "for refrigerators, freezers, and parts thereof."

3. AMANA BEER was sold in stores marketing the various Amana Society grocery products. Beer, a refrigerated product, is not totally unrelated to Amana Refrigeration, Inc.'s line of refrigerators. Amana Refrigeration, Inc.'s advertising expert testified to instances of actual confusion. Due to the strength of plaintiffs' mark, defendants could expect to trade upon plaintiffs' good will and reputation.

defendants' deliberate use of the mark AMANA after being denied Amana Society permission, making C 75–63 an exceptional case. 15 U.S.C. § 1117.

It is therefore

ORDERED

Judgment shall be entered in the following form which is hereby approved for entry by the Clerk:

1. Defendants Gemeinde Brau, Inc., Paul A. Zimmerman, Emma J. Zimmerman, and Cold Spring Brewing Co. and their agents, servants and employees are hereby permanently enjoined from using AMANA or any confusingly similar variation thereof in connection with the sale or advertising of beverages including beer or related products.

2. Defendants shall pay the costs of this action.

3. Defendants shall pay plaintiff Amana Society's reasonable attorneys' fees to be stipulated to by the parties. In the event reasonable attorneys' fees cannot be agreed to, they shall be submitted upon affidavit without further hearing.

4. The parties shall stipulate defendants' profits from the sale of AMANA BEER and defendants shall pay plaintiffs that amount. In the event defendants' profits cannot be agreed to, they shall be submitted upon affidavit without further hearing.

5. By not later than August 16, 1976, defendants shall deliver all advertisements, labels, signs, prints, packages, wrappers, receptacles, including AMANA BEER cans, in defendants' possession bearing plaintiffs' registered mark AMANA to plaintiffs who shall destroy the same.