METRIC & MULTISTANDARD COMPONENTS CORPORATION, Appellee,

v.

METRIC'S, INC., Appellant.

METRIC & MULTISTANDARD COMPONENTS CORPORATION, Appellant,

v.

METRIC'S, INC., Appellee.

Nos. 80–1121, 80–1147.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1980.

Decided Dec. 19, 1980.

Robert E. Woods, Minneapolis, Minn., for Metric's, Inc.

Kurtis A. Greenley, Minneapolis, Minn., for Metric & Multistandard Components Corp.

Before LAY, Chief Judge, HEANEY, Circuit Judge, and PORTER,* District Judge.

HEANEY, Circuit Judge.

Defendant appellant Metric's, Inc., challenges a permanent injunction prohibiting it from using a misleading business name, from distributing certain copied sales catalogues and advertising material, and from otherwise engaging in acts that violate the Lanham Act, the Copyright Act or the unfair competition laws of the State of Minnesota. We affirm the order of the district court.

I

Plaintiff appellee Metric & Multistandard Components Corporation was incorporated in 1963 for the purpose of selling metric dimensioned fasteners, tools and other industrial supplies. From the beginning, the bulk of Metric & Multistandard's sales were made through mail orders from its special sales catalogues which were delivered to potential customers. These catalogues contained detailed information about the products sold by Metric & Multistan-

* The Honorable DONALD J. PORTER, United States District Judge for the District of South Dakota.

dard, including descriptions of the parts and materials, engineering drawings, technical data, cross–references to other measuring systems and prices. The catalogues were designed and compiled by Metric & Multistandard over a period of years and were continually revised as market and supply conditions changed. In 1969, Metric & Multistandard purchased its own typesetting equipment and trained its employees to prepare, layout and typeset its catalogues and literature. The catalogues produced in this manner, beginning with No. 2006, were designed to sit on a shelf so that their bindings would be visible to potential customers. The word "METRIC" was printed on the catalogue binders vertically in large capital letters.[1]

In 1972, defendant–appellant incorporated as Metric's, Inc., also for the purpose of selling metric industrial supplies. Shortly after incorporation, Metric's, Inc., obtained federal trademark registration for the name "Metrics." Like Metric & Multistandard, Metric's, Inc., sought to do business through mail orders from catalogues. Unlike the appellee, however, Metric's, Inc., did not design its own catalogues. Instead, it blatantly copied the work product of Metric & Multistandard. In its brief, Metric's, Inc., describes its procedure as follows:

> Defendant, in preparation of its first catalogue, took selected pages from plaintiff's catalogues 2006 and 2007, covered plaintiff's name with tape, made certain changes, and took these "cut and pasted" mock–up pages to the printer.  *  *  *  This first 184 page catalogue of defendant was a hardcover, three–ring binder of looseleaf construction. It was of the same size and configuration as plaintiff's catalogues. It used the same page and catalogue format, the same divider titles, the same pictorial divider pages and the same index. It contained the same part arrangements, the same captions, descriptive illustrations, manner of tabulation, style of wording, photographs, drawings,

illustrations, technical data, conversion information, charts of sizes, part names and descriptions. The pages of defendant's catalogue were the same page numbers as plaintiff's catalogue. Defendant's catalogue was printed with the same style of typesetting utilized by plaintiff in its catalogues.

Metric's, Inc., then used this copied catalogue to effect its sales.

In 1973, Metric & Multistandard produced its catalogue No. 2008, a 236–page revised and rearranged version of its earlier catalogues. In No. 2008, for the first time in any of its catalogues, Metric & Multistandard included a notice of copyright; subsequently, a Certificate of Registration of Copyright was issued to Metric & Multistandard. In 1974, Metric's, Inc., took pages from No. 2008 and, using the same procedure it had used with earlier catalogues, produced a cut and pasted mock–up that was 212 pages in length. Metric's, Inc., in its brief, described its revised catalogue in the following manner:

> Defendant's revised 212 page catalogue was the same size and configuration as its earlier 184 page catalogue. The revised 212 page catalogue was printed in the same style of typesetting utilized by plaintiff. This catalogue, like plaintiff's catalogue 2008, was assembled in a hardcover binder which would stand on a customer's shelf with the visible end reading in large, vertical letters "METRIC'S."  *  *  *  As before, defendant's catalogue was bright yellow in color.  *  *  *  Plaintiff's catalogue 2008 read, on the visible binder end, "METRIC," and was red in color.

In addition, Metric's, Inc., used portions of catalogue No. 2008 in its "Mini Catalogue," an abbreviated version of the original book.

Not surprisingly, using these similar catalogues in the same market led to considerable misunderstanding among the customers of the two companies. The record contains numerous examples of customer confusion,

---

1. The evidence also shows that Metric & Multistandard Components Corporation was commonly referred to as "Metric"; the appellee used the Name "Metric" on its stationery, its advertising literature and brochures, and on its wall charts. From 1965 on, its registered cable address was "Metric."

including misdirected orders, payments and complaints.

In March of 1975, Metric & Multistandard filed this action in federal district court. Seeking damages and injunctive relief, the appellee alleged that Metric's, Inc., had violated the Lanham Act, infringed appellee's valid copyright, and engaged in unfair competition under the common law. The matter was tried, by stipulation, before United States Magistrate Robert G. Renner. On December 14, 1979, after reviewing the report and recommendation of the magistrate,[2] District Judge Donald D. Alsop entered a memorandum order determining that Metric's, Inc., had willfully and deliberately (1) violated section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (2) infringed the valid copyright that Metric & Multistandard had in its catalogue No. 2008; and (3) engaged in acts of unfair competition by "palming off" its catalogues as those of Metric & Multistandard.[3] In addition, the district court found that the word "metric" was a descriptive term that had not acquired a secondary meaning and, therefore, it ordered cancellation of the trademark registration held by Metric's, Inc.

The court ordered Metric's, Inc., to destroy all copies of its catalogues in its possession, to notify its customers that its catalogues were not to be used in the future, and to otherwise refrain from violating the Lanham Act, the Copyright Act and the laws of Minnesota. The court also held that Metric & Multistandard was entitled to recover costs, attorney's fees and damages, including punitive damages, the amount of the recovery to be determined after a trial before a United States Magistrate. Pursuant to 28 U.S.C. § 1292(a)(1), Metric's, Inc., appealed the granting of the injunctive relief.

## II

The district court found that Metric's, Inc., had violated section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a),

> by entering into a competitive business with plaintiff and (1) choosing a tradename and trademark that closely resemble the name by which plaintiff has become known and which plaintiff has used for many years as its requested cable address; and (2) copying substantial nonfunctional portions of plaintiff's catalogues which had acquired a secondary meaning, the effect of which was to create the impression that defendant was identified with or related to plaintiff's business.

We agree with the conclusion of the district court. Section 43 of the Lanham Act[4] was designed to create a new federal remedy for the particular kind of unfair competition that results from false designation of origin or other false representation used in connection with the sale of a product. See *Federal–Mogul–Bower Bearings, Inc. v. Azoff*, 313 F.2d 405, 409 (6th Cir. 1963); *F. E. L. Publications, Ltd.*

---

2. An original order of the district court dated January 3, 1979, was vacated by Judge Alsop on June 26, 1979, to permit the court's independent consideration of the magistrate's conclusions and judgment, in accordance with *Duryea v. Third Northwestern Nat'l Bank*, 602 F.2d 809 (8th Cir. 1979).

3. The finding of unfair competition under the "palming off" theory was made by the district court in a January 15, 1980, order amending its judgment of December 14, 1979. The December 14 order had rejected Metric & Multistandard's common law claim on the ground that a state claim of "misappropriation" is preempted by federal law. Metric & Multistandard has filed a cross appeal challenging the dismissal based on preemption. We need not and do not decide whether a state misappropriation claim

is preempted by federal law, however, because we find the injunction granted by the district court to be justified on other grounds.

4. That section reads, in relevant part, as follows:

> (a) Any person who shall affix, apply, or annex, or use in connection with any goods or services, or any container or containers for goods, a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same, * * * shall be liable to * * * any person who believes that he is or is likely to be damaged by the use of any such false description or representation.

15 U.S.C. § 1125(a).

*v. National Conference of Catholic Bishops,* 466 F.Supp. 1034, 1044 (N.D.Ill.1978). The key to finding a violation under section 43(a) is a determination that the materials used by the defendant created a likelihood of confusion, deception or mistake on the part of the consuming public. *See New West Corp. v. NYM Co. of Cal., Inc.,* 595 F.2d 1194, 1201 (9th Cir. 1979); *F. E. L. Publications, Ltd. v. National Conference of Catholic Bishops, supra,* 466 F.Supp. at 1044.

■ There can be no doubt that the appellant created a great likelihood of confusion when it used the name "Metric's" in conjunction with catalogues that were nearly exact copies of appellee's sales materials. As the district court found, "Defendant's use of the significant word in plaintiff's tradename, 'Metric,' with duplicated portions of plaintiff's catalogues and advertising, tended to and did cause purchasers to believe that the products they bought from defendant were being purchased from plaintiff." The instances of actual customer confusion are well documented in the record.

Metric's, Inc., maintains, however, that because the word "Metric" is a generic mark, Metric & Multistandard is not entitled to appropriate the term to its exclusive use.[5] Metric's, Inc., asserts that Metric & Multistandard assumed the risk of potential customer confusion when it chose a name commonly used to denote an internationally recognized standard of measurement.

■ Although it is true that generic and merely descriptive marks are not entitled to trademark protection,[6] it is not true that Metric & Multistandard is necessarily left unprotected. Regardless of whether its mark is registered or even registrable, the plaintiff may show that its mark is "so associated with its goods that the use of the same or similar marks by another company

constitutes a representation that its goods come from the same source." *Joshua Meier Co. v. Albany Novelty Mfg. Co.,* 236 F.2d 144, 147 (2d Cir. 1956). If the plaintiff can establish that use of its mark by a competitor constitutes such a false designation of origin or false representation and if the public is likely to be confused by that use, the plaintiff is entitled to protection under section 43(a) of the Lanham Act. *See New West Corp. v. NYM of Cal., Inc., supra,* 595 F.2d at 1198, 1202; *Gilliam v. American Broadcasting Companies, Inc.,* 538 F.2d 14, 24 (2d Cir. 1976); *Boston Professional Hockey Ass'n, Inc. v. Dallas Cap & Emblem Mfg., Inc.,* 510 F.2d 1004, 1010 (5th Cir.), *cert. denied,* 423 U.S. 868, 96 S.Ct. 132, 46 L.Ed.2d 98 (1975).

The district court found that the name "Metric," as well as certain portions of Metric & Multistandard's catalogues, were so identified with Metric & Multistandard in the minds of consumers that use of those items by Metric's, Inc., falsely described the origin of the goods sold. This finding is not clearly erroneous. Accordingly, the district court was correct in concluding that Metric's, Inc., violated section 43(a) of the Lanham Act when it created a likelihood of confusion among potential customers.

### III

■ The injunction issued by the district court in this case, although by its terms prohibiting Lanham Act violations, copyright infringement and unfair competition, was essentially concerned with preventing only two actions on the part of Metric's, Inc.--use of a confusingly similar name and use of copied catalogues. The injunction against these two activities is clearly warranted by the finding of the Lanham Act violation. *See, e. g., Quabaug Rubber Co. v. Fabiano Shoe Co., Inc.,* 567 F.2d 154, 160–

---

**5.** We note that the current position of Metric's, Inc., is directly contrary to the stance it maintained earlier, when it sought and obtained federal trademark registration for the term "Metrics." Because merely descriptive marks are not registrable, *see* 15 U.S.C. § 1052(e), the appellant's position at the time it sought regis-

tration was, necessarily, that the name "Metrics" was not merely generic or descriptive.

**6.** *See* 15 U.S.C. § 1052(e). *See generally* Folsom & Teply, *Trademarked Generic Words,* 89 Yale L.J. 1323 (1980).

161 (1st Cir. 1977); *Scotch Whisky Ass'n v. Barton Distilling Co.*, 489 F.2d 809, 813 (7th Cir. 1973). Because the injunction is supported by the Lanham Act claim, we need not determine whether the district court was correct in finding for Metric & Multistandard on the copyright and unfair competition theories.

The district court also determined that Metric & Multistandard was entitled to monetary relief. Because we remand to the district court to determine the amount of damages that are appropriate in this case, we find it necessary to comment on whether punitive damages and attorney's fees are available for violations of section 43(a) of the Lanham Act.[7]

The section of the Lanham Act that sets forth the specific monetary remedies available under the Act is section 35, 15 U.S.C. § 1117. That section provides that "the plaintiff shall be entitled, * * * subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117. That section also gives the trial court discretion to enter judgment for up to three times the amount of actual damages, "according to the circumstances of the case," and directs that "[i]f the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case." *Id.* The statute contains this additional caveat: "Such sum in either of the above circumstances shall constitute compensation and not a penalty." *Id.*

■ The language of section 35 is clear: the district court is given broad discretion to award the monetary relief necessary to serve the interests of justice, provided it does not award such relief as a penalty. The only questions remaining are whether section 35 applies to this case and whether, if it applies, the remedies contained in that section are exclusive of all others.

By its terms, section 35 applies "[w]hen a violation of any right of the registrant of a mark registered in the Patent and Trademark Office shall have been established * * *." It is arguable, therefore, that section 35 should not apply to Lanham Act violations, such as the one in this case, that do not involve registered marks.

■ Although the matter is not free from doubt, we are not persuaded by this argument. A number of courts have applied section 35 of the Act to violations under section 43(a), 15 U.S.C. § 1125(a). *See Donsco, Inc. v. Casper Corp.*, 587 F.2d 602 (3rd Cir. 1978); *Electronics Corp. v. Honeywell, Inc.*, 358 F.Supp. 1230 (D.Mass.), *aff'd*, 487 F.2d 513 (1st Cir. 1973), *cert. denied*, 415 U.S. 960, 94 S.Ct. 1491, 39 L.Ed.2d 575 (1974). In our opinion, this approach is a sound one. In the absence of any contrary indication, we are not willing to hold that Congress intended to provide one set of remedies for infringement of registered marks and a different, potentially more comprehensive, set of remedies for violations under section 43(a) that do not involve registered marks. It would make no sense to assume that Congress would authorize broader relief for claims arising out of the unlawful use of unregistered marks than for those arising out of the infringement of registered marks. We hold, therefore, that section 35 of the Lanham Act, 15 U.S.C. § 1117, is the appropriate provision for determining the monetary relief to be awarded under section 43(a) of the Act, 15 U.S.C. § 1125(a).

Our inquiry does not end with the decision that violations of section 43(a) may be remedied by resort to section 3⁵. Metric & Multistandard maintains that, although section 35 may apply to actions that do not involve infringement of registered marks, it should not be seen as the exclusive remedy for violations under section 43(a). The ap-

---

7. On the basis of our review of the record, we are convinced that, even if the copyright and unfair competition theories were viable, in this case it is so unlikely that recovery on those claims would exceed the relief available under the Lanham Act that we have no reason to consider the type of relief permissible under those theories of liability.

pellee argues that it should be entitled to all the remedies available under the common law, including punitive damages.

We cannot agree. As noted, there is no reason to suppose that Congress intended to provide for different relief in actions under section 43(a) than in infringement actions. Thus, we have concluded that section 35 is applicable to section 43(a) suits. In *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 720, 87 S.Ct. 1404, 1408, 18 L.Ed.2d 475 (1967), the Supreme Court stated, "When a cause of action has been created by a statute which expressly provides the remedies for vindication of the cause, other remedies should not be readily implied." The Court concluded that "Congress intended § 35 of the Lanham Act to mark the boundaries of the power to award monetary relief in cases arising under the Act." *Id.* at 721, 87 S.Ct. at 1409. Although the *Fleischmann* case involved an infringement of a registered mark, the Supreme Court's language is broad enough to suggest that section 35 is the exclusive provision for monetary damages for the entire Act, including section 43(a). In our view, if section 35 is to be applied to suits brought for violation of section 43(a), it should be applied in the manner in which it is applied to all Lanham Act suits; it should be viewed as setting forth the exclusive remedy. Accordingly, the district court has broad discretion to fashion a just remedy consistent with section 35, including treble damages.

Finally, we find it necessary to comment on the district court's determination that Metric & Multistandard was not entitled to recover attorney's fees for prosecution of the Lanham Act aspects of this case because the statute does not provide for such relief. Attorney's fees were initially not recoverable under the Lanham Act, *see Fleischmann Distilling Corp. v. Maier Brewing Co., supra*, but Congress has amended section 35 of the Act, 15 U.S.C. § 1117, to permit the court to award reasonable attorney's fees to the prevailing party "in exceptional cases." This amendment became effective on January 2, 1975, three months prior to the filing of this lawsuit. In view

of the trial court's finding that the unlawful conduct of Metric's, Inc., was willful and deliberate, the court may well determine that this is the type of "exceptional" case for which an award of attorney's fees is appropriate. *See Amana Society v. Gemeinde Brau, Inc.*, 417 F.Supp. 310 (N.D.Iowa 1976), *aff'd*, 557 F.2d 638 (8th Cir.), *cert. denied*, 434 U.S. 967, 98 S.Ct. 511, 54 L.Ed.2d 454 (1977).

Affirmed.