722 F.2d 411
 221 U.S.P.Q. 307
 WEST DES MOINES STATE BANK, Appellee-Cross Appellant,
v.
HAWKEYE BANCORPORATION; First Federal State Bank, d/b/a
Hawkeye-West Bank & Trust, Hawkeye-West Bank &
Trust, Appellants-Cross Appellees.
 Nos. 82-2111, 82-2166.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 17, 1983.
Decided Dec. 9, 1983.
 
 Donald U. Austin, West Des Moines, Iowa and William E. Shull, Kearney, Mo., for appellee-cross appellant.
 Robert E. Dreher and Dick L. Jensen, Des Moines, Iowa, for Hawkeye.
 Before ROSS and ARNOLD, Circuit Judges, and SCHATZ, District Judge.*
 ROSS, Circuit Judge.
 
 
 1
 Hawkeye Bancorporation is a bank holding corporation and Hawkeye-West Bank and Trust is one of its wholly owned companies. West Des Moines State Bank known as "West Bank" is located on the western side of Des Moines, Iowa, as is "Hawkeye-West." West Des Moines State Bank adopted the advertising name of "West Bank" in 1969, although it was not until March 1982 that the name ripened into a statutory right under IOWA CODE ANN. Secs. 548.1-548.4 (West 1981). Hawkeye-West, prior to April 1, 1982, was named First Federal State Bank. Seventy-five thousand five hundred and five dollars was expended by Hawkeye-West on advertising, signs, and forms, to accommodate its change of name.
 
 
 2
 On March 29, 1982, West Des Moines State Bank sued Hawkeye-West Bank and Trust in federal court[1] for service mark infringement under 15 U.S.C. Sec. 1125(a) (1976). A similar claim based upon Iowa's common law and statutes was also presented to the trial court. IOWA CODE ANN. Sec. 548.1-.11 (West 1981). West Des Moines State Bank requested an injunction prohibiting further infringements, cancellation of the registered mark "Hawkeye-West Bank & Trust," actual and punitive damages, attorney fees, and an award of profits.
 
 
 3
 Upon stipulation by the parties, the hearing for a preliminary injunction became the final hearing on the merits. At the hearing the district court found that the use of the service name "Hawkeye-West Bank & Trust" violated West Des Moines State Bank's rights under the federal statute, 15 U.S.C. Sec. 1125(a), the Iowa statutes, IOWA CODE ANN. Sec. 548.9-.11 (West 1981), and the Iowa common law. This determination was not appealed and is not now in issue. The district court ordered the following relief: destruction of all documents and devices bearing the term "West Bank" or any similar name that were then under the control of Hawkeye-West Bank & Trust, an injunction prohibiting further use of the infringing mark, cancellation of the Iowa Service Mark registration of Hawkeye-West Bank & Trust, and an award of $18,876.43 in compensation for actual damages. The trial court refused to award punitive damages or attorney fees.
 
 
 4
 Hawkeye-West Bank & Trust appeals from the trial court's award of actual damages. West Des Moines State Bank cross appeals from the denial of attorney fees and punitive damages. We affirm in part and reverse in part.
 
 I. Actual Damages
 
 5
 The district court awarded actual damages to compensate West Des Moines State Bank for the confusion created in the public mind by the advertising of the name "Hawkeye-West." The district court's opinion includes an extensive recitation of the evidence of customer confusion and misidentification caused by the advertising campaign conducted by Hawkeye-West Bank & Trust. The court arrived at the figure of $18,876.73 by applying the formula adopted by the Tenth Circuit Court of Appeals in Big O Tire Dealers, Inc. v. Goodyear Tire and Rubber Co., 561 F.2d 1365 (10th Cir.1977), cert. dismissed, 434 U.S. 1052, 98 S.Ct. 905, 54 L.Ed.2d 805 (1978). The Big O formula begins with the total amount of money spent to advertise the infringing name in the area in which the plaintiff conducted business. This figure is then reduced by 75% and the remaining sum is awarded as damages for corrective advertising. Id. at 1375-76.
 
 
 6
 Hawkeye-West does not argue on appeal that such confusion did not exist or that it was not caused by the name change and attendant advertising. It instead argues that a damage award for corrective advertising is not permitted under the applicable federal or state statutes. Simply put, the law does not have a remedy for a business whose trade name has been diluted, absent evidence of actual dollar loss to the plaintiff or actual dollar gain to the defendant. We do not agree.
 
 
 7
 Hawkeye-West bases the argument that the federal statutes will not permit this type of an award on the case of Metric & Multistandard Components v. Metric's, Inc., 635 F.2d 710 (8th Cir.1980). In Metric the court stated that 15 U.S.C. Sec. 1117 (1976) (Section 35 of the Lanham Act) was the exclusive remedy for all violations of the Lanham Act. A series of cases are then cited for the proposition that an award of damages is improper under this section unless an actual dollar amount is established. See, e.g., Foxtrap, Inc. v. Foxtrap, Inc., 671 F.2d 636, 642 (D.C.Cir.1982). The remedies available to a plaintiff under the Iowa statutes are also argued to be limited to those listed in section 548.11 of the Iowa Code. As damages for corrective advertising are not included in section 548.11, the following rule of construction is argued to be controlling:
 
 
 8
 When a cause of action has been created by a statute which expressly provides the remedies for vindication of the cause, other remedies should not readily be implied.
 
 
 9
 Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 720, 87 S.Ct. 1404, 1408, 18 L.Ed.2d 475 (1967).
 
 
 10
 Today we need not decide whether an award of damages for corrective advertising is permitted under either the federal or state statutes, as in our view such an award is authorized under Iowa common law.
 
 
 11
 At the outset we note that section 548.13(1) of the Iowa Code states: "This Act does not affect: 1. Rights, or the enforcement of rights, in marks or trade names acquired in good faith at any time at common law." (Emphasis added.) The common law action for trademark infringement is a species of the action for unfair competition. Boston Pro Hockey Ass'n, Inc. v. Dallas Cap & Emblem Mfg., Inc., 510 F.2d 1004, 1010 (5th Cir.), cert. denied, 423 U.S. 868, 96 S.Ct. 132, 46 L.Ed.2d 98 (1975). Trade names (business names) are under modern law accorded the same protection as trademarks. First Wisconsin National Bank v. Wichman, 85 Wis.2d 54, 270 N.W.2d 168, 172-73 (1978).
 
 
 12
 The Iowa Supreme Court in the case of Basic Chemicals, Inc. v. Benson, 251 N.W.2d 220 (Iowa 1977) addressed the question of whether in an action for unfair competition an actual dollar amount must be established before damages could be recovered. The court stated:
 
 
 13
 As a result of our study we conclude there was proof of a reasonable basis from which the amount of damages can be inferred or approximated. We are not disposed to interfere with the amount of the award.
 
 
 14
 Id. at 233.
 
 
 15
 The court in Basic Chemicals, Inc. cited as authority the following:
 
 
 16
 Courts have recognized a distinction between proof of the fact that damages have been sustained and proof of the amount of those damages. If it is speculative and uncertain whether damages have been sustained, recovery is denied. If the uncertainty lies only in the amount of damages, recovery may be had if there is proof of a reasonable basis from which the amount can be inferred or approximated.
 
 
 17
 Patterson v. Patterson, 189 N.W.2d 601, 605 (Iowa 1971) (emphasis added).
 
 
 18
 As was noted earlier, the basis from which the district court awarded damages was drawn from the case of Big O Tire Dealers, Inc., supra, 561 F.2d 1365. In that case the court cited precedent supporting an award of damages for corrective advertising but limited this remedy to 25% of the amount spent advertising the infringing mark "in accordance with the FTC rule, since we agree with that agency's determination that a dollar for dollar expenditure for corrective advertising is unnecessary to dispel the effects of confusing and misleading advertising." Id. at 1376 (citations omitted).
 
 
 19
 In this case there can be little doubt that West Des Moines State Bank & Trust was actually damaged and we are persuaded that the FTC rule adopted by the court in Big O Tire Dealers, Inc. is a reasonable basis from which the amount of damages can be inferred in a common law case. Furthermore, the district court's adoption of this measure of damages is not an erroneous interpretation of Iowa law. This court has repeatedly stated that great weight is given to the local trial judge on conclusions of state law. Garoogian v. Medlock, 592 F.2d 997, 1000 (8th Cir.1979).
 
 
 20
 While we agree with the district court that the formula utilized in Big O Tire Dealers, Inc. was properly adopted, we are not convinced that it was properly applied. In Big O Tire Dealers, Inc. the circuit court carefully eliminated from the initial figure of total advertising expenses any sums which were not expended in the geographical area in which the plaintiff conducted business. Id. at 1375. In this case we also find that the initial sum must be adjusted and certain amounts excluded.
 
 
 21
 The district court found that the total amount of money spent on advertising "Hawkeye-West" was $75,505.73. Of this amount, $24,874.95 was spent to procure forms and supplies bearing the name Hawkeye-West. In our view only those sums expended on products designed to reach out and affect the public mind, such as signs, advertisements, key chains and other assorted trinkets, are properly included in the initial amount representing the defendant's total advertising costs. Office forms, memo pads and other materials which are not exposed to the public are not advertising and the money spent to procure them should not be included in the initial amount. We therefore reverse the district court on the question of the amount of actual damage and order it to recalculate the award in light of the principle discussed above.
 
 II. Punitive Damages and Attorney Fees
 
 22
 West Des Moines State Bank cross appeals from the district court's denial of punitive damages and attorney fees. We affirm the judgment of the district court. Iowa permits an award of punitive damages in an action for unfair competition. Exemplary damages are not, however, awarded as a matter of right in Iowa. The allowance of such damages rests with the factfinder. Such an award is designed to deter and punish and should be made only upon a finding of malice. Feeney v. Scott County, Iowa, 290 N.W.2d 885, 892 (Iowa 1980). Malice may be either actual or legal. "[L]egal malice * * * may be established by showing wrongful or illegal conduct committed or continued with a willful or reckless disregard of another's rights." Id. at 892 (citations omitted). After a full review of the record, we agree with the trial court's determination that Hawkeye-West Bank & Trust did not act with malice. The denial of punitive damages is affirmed.
 
 
 23
 West Des Moines State Bank also appeals from the trial court's denial of attorney fees. Both the federal statute, 15 U.S.C. Sec. 1117 (1976) and the Iowa statute, IOWA CODE ANN. Sec. 548.11 (West 1981) provide for an award of attorney fees in exceptional cases. This court in Metric & Multistandard Corp., supra, 635 F.2d 710, stated that where the defendant's conduct was "willful and deliberate" the trial court "may well determine that this is the type of 'exceptional case' for which an award of attorney's fees is appropriate." Id. at 716. In our opinion there is an insufficient showing in the record that Hawkeye-West Bank & Trust willfully and deliberately violated West Des Moines State Bank's rights under federal or state law. The district court did not abuse its discretion in denying attorney fees.
 
 
 
 *
 The Honorable Albert G. Schatz, United States District Judge for the District of Nebraska, sitting by designation
 
 
 [1]
 The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa