**MINNESOTA MINING AND MANUFAC-
TURING COMPANY, Plaintiff,**

v.

**Brian TAYLOR, Defendant.**

**No. Civ.98–CV1764(PAM/JGL).**

United States District Court,
D. Minnesota.

Aug. 6, 1998.

Carolyn V. Peters, St. Paul, MN, Louis T. Pirkey, Mark A. Thurmon, Arnold White & Durkee, Austin, TX, William G. Barber, Charles H. De La Garza, Timothy M. Kenny, Arnold White & Durkee, Minneapolis, MN, for Plaintiff.

Brian Taylor, Kirkland, WA, pro se.

## MEMORANDUM AND ORDER

RENNER, District Judge.

■ Plaintiff Minnesota Mining and Manufacturing Company ("3M") instituted this action on July 24, 1998. 3M alleged trademark dilution, trademark infringement, and other claims based on Defendant Taylor's registration of the Internet domain names "post-it.com," "post-its.com," and "ipost-it.com." 3M alleges that Taylor's registration of these domain names violates its rights in the trademark "Post-it"®. Simultaneously with filing its Complaint, 3M filed an *ex parte* Motion for Temporary Restraining Order, which this Court granted the same day. Now before the Court is 3M's Motion for Preliminary Injunction. For the reasons that follow, 3M's Motion is granted.

## STANDARD OF REVIEW

■ The grant of a preliminary injunction requires evaluation of the following factors:

(1) the threat of irreparable harm to the movant;

(2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant;

(3) the probability that movant will succeed on the merits; and

(4) the public interest.

*Dataphase Sys., Inc. v. CL Sys., Inc.,* 640 F.2d 109, 113 (8th Cir.1981). A preliminary injunction is appropriate if any one of a plaintiff's claims supports such relief. *See Metric & Multistandard Components Corp. v. Metric's Inc.,* 635 F.2d 710, 715 (8th Cir. 1980).

## DISCUSSION

3M has raised federal and state claims for dilution of its mark, claims of federal trademark infringement, and other claims. 3M premised its motion for a preliminary injunction on the dilution and infringement claims.

### A. Likelihood of Success on the Merits

■ To prevail on its federal dilution claim, 3M must prove that:

1. the "Post-it"® mark was famous before Mr. Taylor began use of the domain names and issue; and

2. Mr. Taylor's use causes dilution of the distinctiveness of 3M's "Post-it"® mark.

*See* 15 U.S.C. § 1125(c). Dilution is "the lessening of the capacity of a famous mark to identify and distinguish goods or services." *Id.* § 1127.[1]

■ To succeed on its federal trademark infringement claim, 3M must prove (1) ownership of a valid trademark; and (2) a likelihood of confusion between the registered mark and the alleged infringing use by the defendant. *Aveda Corp. v. Evita Mktg., Inc.,* 706 F.Supp. 1419, 1426 (D.Minn.1989) (citing *A.J. Canfield Co. v. Vess Beverages, Inc.,* 796 F.2d 903, 906 (7th Cir.1986)).

---

1. The Minnesota dilution statute has similar requirements, but does not specifically require that plaintiff's mark be famous. It is enough under the Minnesota statute if plaintiff's mark is "well-known." Minn.Stat. § 325D.165.

■] After considering the evidence, the Court holds that 3M is likely to prevail on its claims of trademark dilution and trademark infringement against Defendant Taylor. As to the claim of trademark dilution, the Court finds that 3M's "Post-it"® mark is famous. 3M has submitted ample evidence to support such a finding, and the evidence submitted is sufficient to establish the fame of the "Post-it"® mark. Moreover, the evidence establishes that the "Post-it"® mark was famous before Defendant Taylor's use began.

The Court also finds that Taylor's registration, use, and attempts to sell the domain names "post-it.com," "post-its.com," and "ipost-it.com" are likely to dilute the distinctive quality of the famous "Post-it"® mark.

■] 3M also is likely to prevail on its claim of trademark infringement. 3M owns a valid mark—"Post-it"®. The "Post-it"® mark is strong. Defendant has registered and is using domain names that are the same or substantially identical to the "Post-it"® mark. There is also evidence that Defendant intended to cause consumer confusion in order to extort money from 3M. This evidence, combined with other evidence submitted by 3M, is sufficient to support a holding that 3M is likely to prevail on its infringement claim.

### B. Irreparable Injury

■] Irreparable harm exists, as a matter of law, where there is trademark infringement or dilution. *See General Mills, Inc. v. Kellogg Co.*, 824 F.2d 622, 625 (8th Cir.1987) (irreparable injury in infringement cases due to inability to undo consumer confusion); *S & R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 378 (3rd Cir.1992) (trademark infringement "amounts to irreparable injury as a matter of law"); *Jews for Jesus v. Brodsky*, 993 F.Supp. 282, 311 (D.N.J.1998) ("lost control of [one's] reputation and goodwill" constitutes irreparable injury). Because 3M has shown a likelihood of success on its dilution and infringement claims, 3M will be irreparably harmed if a preliminary injunction does not issue.

### C. Balance of Harms

While 3M will be irreparably harmed if a preliminary injunction is not granted, there is no evidence that Defendant Taylor will suffer any harm if an injunction issues. The balance of harms weighs in favor of granting 3M's Motion.

### D. Public Interest

■] Finally, the public interest will be served by the granting of a preliminary injunction. The public interest supports enjoining Mr. Taylor's actions. These actions constitute a misuse of the Internet, which is a resource that has the potential to benefit hundreds of millions of people. There is a strong public interest in stopping such misuses of this new technology.

Accordingly, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion for Preliminary Injunction (Clerk Doc. No. 11) is GRANTED;

2. Brian Taylor, his agents, servants, employees, attorneys, and all those person in active concert or participation with Brian Taylor, are preliminarily enjoined and restrained from using in connection with their products and/or services, the "Post-it"® mark and any other name or mark that is confusingly similar to or likely to dilute the distinctive quality of the "Post-it"® mark;

3. Brian Taylor, his agents, servants, employees, attorneys, and all those person in active concert or participation with Brian Taylor, shall relinquish the domain names "post-it.com," "post-its.com," and "ipost-it.com";

4. Brian Taylor shall file with the Court and serve upon 3M, within thirty (30) days after the entry and service on Brian Taylor of this preliminary injunction, a report in writing and under oath setting forth in detail the manner and form in which Brian Taylor has complied with this injunction.