**GEMEINDE BRAU, INC., et al., Appellants,**

v.

**AMANA SOCIETY et al., Appellees.**

**AMANA REFRIGERATION, INC., Cross-Appellant,**

v.

**GEMEINDE BRAU, INC., et al., Cross-Appellees.**

**AMANA SOCIETY, Cross-Appellant,**

v.

**GEMEINDE BRAU, INC., et al., Cross-Appellees.**

Nos. 76–1874, 76–1902, 76–1993.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1977.

Decided July 6, 1977.

Robert C. Nelson, Cedar Rapids, Iowa, for appellants; Warren H. Kintzinger, Richardson, Tex., on the brief.

Haven E. Simmons and James C. Nemmers, Cedar Rapids, Iowa, for appellees; James W. Hall, Cedar Rapids, Iowa, on the brief.

Before GIBSON, Chief Judge, and HEANEY and STEPHENSON, Circuit Judges.

PER CURIAM.

Plaintiffs Amana Society and Amana Refrigeration instituted this trademark infringement and unfair competition action against defendants Gemeinde Brau, Inc., Cold Spring Brewing Co. and Paul and Emma Zimmerman. Defendants are ac-

cused of infringing plaintiffs' "Amana" trademark by distributing "Amana Beer." Amana Society has registered the trademark "Amana" for use with the manufacture and distribution of its bread, buns, cakes, rolls, hams, bacon, sausage, woolen clothing and walnut and cherry furniture. Amana Refrigeration, with the Amana Society's consent, has registered the "Amana" trademark for its cooking ovens, furnaces, dehumidifiers, air conditioners, refrigerators and freezers.

Over the objection of Amana Society, defendants began marketing Amana Beer in December 1975. This litigation immediately ensued. In a non-jury trial, Chief Judge McManus of the Northern District of Iowa found that the sale of Amana Beer is likely to cause the public to conclude that "Amana Beer is sold, sponsored by, or otherwise connected with plaintiffs." The court concluded that the distinctive trademark "Amana" has acquired a secondary meaning and that defendants' use of the trademark is likely to confuse the consuming public. Accordingly, the court ruled that defendants were infringing the trademarks of Amana Society and Amana Refrigeration. Defendants were permanently enjoined from using "Amana" in the sale or advertising of beer or related products and were ordered to turn over the profits from the sale of Amana Beer to plaintiffs. All Amana Beer cans in defendants' possession are to be delivered to plaintiffs for destruction. Finally, the court awarded Amana Society $5,000 for attorneys' fees, but denied Amana Refrigeration's request for attorneys' fees.

On this appeal, defendants challenge the merits of the District Court's decision. In cross-appeals, Amana Society contests the adequacy of the court's award of attorneys' fees and Amana Refrigeration argues that the court erred in overruling its request for attorneys' fees.

Upon a review of the record and of the briefs and arguments of the parties, we are convinced that the trial court's findings of fact are not clearly erroneous and it applied the correct legal principles to the factual issues presented. There is abundant evidence to establish that defendants are infringing the "Amana" trademark. Contrary to defendants' assertion, it is permissible for Amana Society and Amana Refrigeration, each holding rights to use the "Amana" trademark for particular goods, to institute a joint infringement action against a person or entity unlawfully using that mark. *See California Fruit Growers Exchange v. Windsor Beverages*, 118 F.2d 149 (7th Cir. 1941). We have considered the arguments of Amana Society and Amana Refrigeration on the issue of attorneys' fees and conclude that the District Court's rulings on attorneys' fees were within the proper range of its discretion.

We affirm the judgment on the basis of the District Court's opinion, which is reported at 417 F.Supp. 310 (N.D.Iowa 1976).