968 F.2d 1218
 24 U.S.P.Q.2d 1238
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
GALAXY CHEMICAL COMPANY, INCORPORATED, an Illinois
Corporation, Plaintiff-Appellant, Cross-Appellee,
v.
BASF CORPORATION, a Delaware corporation and BASF
Aktiengesellschaft, a West German company,
Defendants-Appellees, Cross-Appellants.
 Nos. 91-3246, 91-3350.
 United States Court of Appeals, Seventh Circuit.
 Argued May 21, 1992.
Decided July 17, 1992.
Rehearing and Rehearing En Banc
Denied Sept. 1, 1992.
 
 Before COFFEY and KANNE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Galaxy Chemical Company, Inc. (GCC) initiated this trademark infringement and unfair competition suit against BASF Corporation and its parent company BASF Aktiengesellschaft (collectively BASF) over BASF's use of the trade name "Galaxy" in connection with herbicide products. BASF then counter-claimed against GCC, arguing that GCC had infringed its rights in the trade name Galaxy. The jury, through a special verdict form containing nine questions, determined that neither GCC nor BASF prevailed in their claims against each other. Nevertheless, GCC filed post-trial motions seeking injunctive relief, attorney's fees and a destruction order on the ground that it was the prevailing party at trial. The district court denied GCC's post-trial motions and entered a final judgment dismissing the complaint and the counterclaim; the court declined to award costs or attorney's fees to either party.
 
 
 2
 Both parties appealed. GCC argues that the district court erred in refusing to enjoin BASF from infringing the rights it believes the jury found that it holds in the trade name "Galaxy." Furthermore, GCC asserted that the district court erred in refusing to award it attorney's fees and in barring the testimony of its marketing expert, John A. Bunge, during trial. As for BASF's appeal, it argues that there is no evidence to support the jury's finding in special verdict three that BASF failed to prove it had acquired protectible trademark rights in Galaxy. We conclude that neither GCC's appeal nor BASF's appeal are meritorious and accordingly affirm the district court in all respects.
 
 
 3
 GCC's claim that it is entitled to an injunction and to attorney's fees attempts to conjure a victory out of its adverse jury verdict. The district court thoroughly treated and rejected GCC's arguments on these two issues in its opinion and order, which we attach as Exhibit A, and affirm. Moreover, before trial GCC's claim for injunctive relief was rejected in a thorough opinion, which concluded that GCC had failed to demonstrate a likelihood of confusion. See Galaxy Chemical Co. v. BASF Corp., 11 U.S.P.Q.2d (BNA) 1279 (N.D.Ill.1989).[1] As to GCC's assertion that the district court abused its discretion in barring Mr. Bunge's testimony, see Nachtsheim v. Beech Aircraft Corp., 847 F.2d 1261, 1266 (7th Cir.1988), we find firm support in the record for the district court's evidentiary ruling. See Tr. 844-46, 853-55 (trial judge explaining factors relied on in and reasoning in excluding Bunge as expert witness); see generally Tr. 816-55 (Bunge voir dire). Thus, we find no merit in GCC's appeal and affirm the district court's judgment as to GCC.
 
 
 4
 We likewise find no merit in BASF's appeal. BASF's argument that there is no evidence to support special verdict three was not presented to the district court. This is so because BASF did not move for a directed verdict or for a judgment notwithstanding the verdict. As a general rule an issue not first presented to the district court is deemed waived on appeal. E.g., Datamatic Services, Inc. v. United States, 909 F.2d 1029, 1034 (7th Cir.1990). Nonetheless, BASF cites us to Thronson v. Meisels, 800 F.2d 136, 140 (7th Cir.1986), for the proposition that we can review and vacate the judgment if the jury's finding constitutes plain error, which if not remedied would result in a miscarriage of justice. Since Thronson, however, this court has recently held that "the plain error doctrine does not apply to civil cases unless the error concerns subject matter jurisdiction." Maul v. Constan, 928 F.2d 784, 787 (7th Cir.1991) (citing Kendra Oil & Gas, Inc. v. Homco, Ltd., 879 F.2d 240, 242 (7th Cir.1989); Deppe v. Trippe, 863 F.2d 1356, 1360-61 (7th Cir.1988)). Even were a plain error doctrine to apply in this case, however, our review of the record assures us that there are no exceptional circumstances present in this case to justify excepting BASF from waiver.
 
 
 5
 Moreover, we are also believe that BASF's cursory and incomplete treatment of this issue in its briefs to this court requires us to deem the issue waived on appeal. Although phrased as an insufficiency of the evidence argument, what BASF is really arguing is that the evidence it presented it to the jury regarding its trademark rights entitles it to judgment as a matter of law. See BASF Reply Brief at 2. BASF, however, does not bother to cite us to even one page of the trial transcript where it purportedly established its trademark rights. Given the extraordinarily heavy burden a litigant faces in seeking to overturn a jury's verdict, especially when that argument was not presented to the district court, BASF's unsupported assertions must fail. The responsibility for identifying and constructing arguments belongs to the lawyers, not to the judges. Luddington v. Indiana Bell Telephone Co., No. 91-2320, 1992 WL 130393, at * 5, 1992 U.S.App.Lexis 13450 at * 15 (7th Cir.1992). Thus, we affirm the district court's judgment as to BASF as well.
 
 EXHIBIT A
 IN THE UNITED STATES DISTRICT COURT
 FOR THE NORTHERN DISTRICT OF ILLINOIS
 EASTERN DIVISION
 
 6
 GALAXY CHEMICAL CO., INC., an Illinois corporation, Plaintiff,
 
 
 7
 v.
 
 
 8
 BASF CORPORATION, a Delaware corporation and BASF
 
 
 9
 Aktiengesellschaft, a West German company, Defendants.
 
 
 10
 BASF CORPORATION, a Delaware corporation and BASF
 
 
 11
 Aktiengesellschaft, a West German company,
 
 
 12
 Counterplaintiffs,
 
 
 13
 v.
 
 
 14
 GALAXY CHEMICAL CO., INC., an Illinois corporation, Counterdefendant.
 
 No. 88 C 9292
 Aug. 29, 1991
 MEMORANDUM OPINION AND ORDER
 JAMES F. HOLDERMAN, District Judge:
 
 15
 At the conclusion of a seven-day jury trial, the jury returned a Special Verdict form (Docket Entry 155) answering the questions which counsel for both sides agreed should be answered. The jury found against plaintiff Galaxy Chemical Company, Inc. ("GCC") and awarded no damage recovery to plaintiff GCC as to its claims against defendant BASF Corporation ("BASF"). The jury also found against BASF on its counterclaim. In sum, no party sustained its burden of proof as to any claim in the case.
 
 
 16
 In essence, the jury's special verdicts determined as to plaintiff's claims that although GCC had protectible and strong rights to the trade name and trademark "Galaxy," which rights were capable of being diluted, BASF's use of "Galaxy" on its soybean herbicide caused neither likelihood of confusion nor dilution of plaintiff's "Galaxy" name and mark, even though BASF was wilful, deliberate and in disregard of plaintiff's rights. (Special Verdict Nos. 1, 2, 5, 6 and 9, Docket Entry 155). As to BASF's counterclaim, the jury found BASF had not acquired protectible trademark rights in the mark "Galaxy." (Special Verdict No. 3. Id.)
 
 
 17
 The case was apparently a stand-off in the jury's eyes. Yet, plaintiff GCC, trying to declare victory in the face of defeat, boldly asserts it prevailed. It did not. In our justice system the party without the burden of proof wins standoffs. Therefore, defendant prevailed as to plaintiff's claims. Plaintiff prevailed as to defendant's claim.
 
 
 18
 Plaintiff failed to sustain its burden as to the requisite element of likelihood of confusion in its infringement claim and failed to sustain its burden as to dilution as to that claim. As a matter of law based on the facts established at trial, defendant had neither infringed nor diluted plaintiff's name and mark.
 
 
 19
 Plaintiff's request for permanent injunction and destruction must be denied because the court finds that evidence adduced at trial established none of plaintiff's claims. Therefore, based upon the trial evidence but for the same reasons this court denied plaintiff's preliminary injunction request, see Galaxy Chemical Company v. BASF Corporation, 11 U.S.P.Q.2d (BNA) 1279 (N.D.Ill.1989) this court denies plaintiff's permanent injunction request.
 
 
 20
 Plaintiff claims that the jury by answering Special Verdict No. 9 "Yes" was "clearly establishing the issue of liability in favor of the plaintiff." (Pl. Reply Brief at 3). Plaintiff is wrong. Special Verdict Nos. 1 and 2 were the jury's determinations as to liability regarding plaintiff's trademark infringement and unfair competition claims.[1] When the jury answered "Yes," to number 1 and "No" to number 2 of the Special Verdict questions, the jury was finding for defendant on plaintiff's trademark infringement and unfair competition claims.
 
 
 21
 The Special Verdict interrogatories agreed upon by both sides "could have been clearer" as noted by the court (Tr. 992) but the court relied on the experienced counsel for both sides before it in this case for the wording and presentation of the Special Verdict form.
 
 
 22
 Special Verdict No. 9[2]--the wilfulness determination--did not by its predicate "If you have found that plaintiff has proved infringed plaintiff's trade name and trademark rights," supplant the jury's verdict that plaintiff had not proved the requisite likelihood of confusion element.
 
 
 23
 The jury was led to answer Special Verdict No. 9 by the court's answer to their question instructing the jury with counsels' concurrence:
 
 
 24
 "You should only consider number 9, however, if you have answered yes to either question 1 or question 2." (Tr. 995)
 
 
 25
 In a sidebar conference on the jury's question during deliberations the court and counsel all agreed that Special Verdict No. 9 should be answered if the jury had answered "Yes" to either Special Verdicts 1 and 2.[3] Special Verdict No. 9 was never intended by anyone to be a second shot for plaintiff to obtaining a finding in its favor on liability as plaintiff's counsel now argues. Plaintiff's counsel well knows that the jury had to answer "Yes" to both Special Verdicts Nos. 1 and 2 to establish defendant's liability in plaintiff's favor and so argued to the jury. (Tr. 919-20). Plaintiff's counsel also knew that Special Verdict No. 9 dealt with "whether the infringement was wilful, deliberate and in disregard of the plaintiff's rights," (Tr. 922) not whether there was infringement. The fact issue of infringement was resolved by Special Verdict Nos. 1 and 2.
 
 
 26
 Plaintiff failed to prove its case when it failed to prove an essential element of its case. The argument that plaintiff prevailed because other bases which exist in the statutory scheme of trademark law but were not presented to the jury for determination (Pl. Post-Trial Mo. at 4-5) is unavailing. A claim not presented to the jury is waived as to the jury's determination. F.R.Civ.P. 49(a), see Pielet v. Pielet, 686 F.2d 1210, 1218 (7th Cir.1982).
 
 
 27
 Moreover, the court finds that plaintiff failed to prove not only retrospective likelihood of confusion, but failed also to prove prospective likelihood of confusion or any of the other possible tests under the Lanham Trademark Act.
 
 
 28
 Plaintiff is wrong in its assertions. Defendant BASF won plaintiff GCC's case. Plaintiff-counterdefendant GCC won defendant-counterplaintiff BASF's case. It was a draw. This was not an exceptional case. No attorney's fees are warranted for either party.
 
 
 29
 No injunction and no destruction will be ordered in favor of plaintiff. Plaintiff failed to prove all the requisite elements of its claims.
 
 CONCLUSION
 
 30
 Plaintiff's GCC's post-trial motion for attorney's fees, for an injunction and for an order of destruction of offending materials is DENIED.
 
 
 31
 Judgment shall be entered in favor of defendant BASF and against plaintiff GCC as to plaintiff GCC's claims in its complaint. Judgment shall be entered in favor of plaintiff-counterdefendant GCC and against defendant-counterplaintiff BASF as to defendant-counterplaintiff BASF's counterclaim. No fees or costs to either side. This case is dismissed in its entirety.
 
 
 
 [1]
 Because GCC failed in its attempt to prove its dilution claim in seeking injunctive relief and then at trial as well, it is not helped by referring us to Gemeinde Brau, Inc. v. Amana Society, 557 F.2d 638 (8th Cir.), cert. denied, 434 U.S. 967 (1977). Unlike GCC, Amana proved to the district court that its trademark had acquired a secondary meaning and the defendants' use of the trademark was likely to confuse the consuming public, and the Eighth Circuit upheld that verdict. Id. at 639
 
 
 [1]
 The Special Verdict form read in pertinent part as answered by the jury (Docket Entry 155):
 Plaintiff's Trademark Infringement
 and Unfair Competition Claims
 
 
 [1]
 Has the plaintiff proved by a preponderance of the evidence that it is the owner of protectible trade name and trademark rights that extend to BASF's GALAXY herbicide for commercial treatment of soybeans?
 X Yes No
 If your answer to this question is no, skip the question under number 2 below, and proceed to question number 3.
 
 
 [2]
 Has the plaintiff proved by a preponderance of the evidence that defendants' use of the mark GALAXY in connection with BASF's GALAXY herbicide for commercial treatment of soybeans is likely to cause confusion with the plaintiff's protectible trade name and trademark rights?
 Yes X No
 
 
 [2]
 9. If you have found that plaintiff has proved that defendants infringed plaintiff's trade name and trademark rights, do you find from the preponderance of the evidence that the violation of the plaintiff's trade name and trademark rights by the defendants was willful, deliberate and in disregard of plaintiff's rights?
 ANSWER: YES X NO
 
 
 [3]
 That sidebar conference included the following colloquy between court and counsel:
 THE COURT: Counsel ought to take these experiences, I guess, for future reference in preparing special verdict forms.
 MR. GROSS (GCC's lawyer): Just out of curiosity, though, suppose in the absolutely unlikely event they answer yes to 1 but no to 2, don't we still need a response to 9?
 THE COURT: Yes, that's what I just said.
 MR. HILLIARD (BASF's lawyer): Okay.
 MR. VAN SANTEN (GCC's lawyer): Yes.